UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY JOE HARRISON,  )  <br>      Petitioner,  )  <br>   )  <br> vs.  )  <br>   )  <br> SUPERINTENDENT,  )  <br>      Respondent.  ) | NO. 3:08 CV 560 JM |

## OPINION AND ORDER

Gary Joe Harrison, a *pro se* prisoner, filed an amended habeas corpus petition challenging his 180 day loss of earned credit time and demotion in credit class. On August 13, 2008, in case number WCC 08-07-0363, the Westville Correctional Facility Disciplinary Hearing Body (DHB) found him guilty of attempted assault and battery in violation of B-212/240. Harrison presents only one ground for challenging this determination: "When exculpatory evidence undercuts the evidence relied upon to establish guilt, prison officials have not satisfi[ed] the some evidence rule." DE 5-3 at 2-3. Because this argument is based on a fundamental misstatement of the law, there is no basis for habeas relief in this case.

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Here, Harrison does not allege that there is no factual basis for finding him

guilty, rather he merely argues that the "victim's statement of exoneration severely undermines reliability of supposed guilt evidence." DE 5-3 at 3. This court will not re-weigh the evidence, nor attempt to assess the credibility of the victim or any other witness. Harrison's argument that the evidence is weak and undermined by contradictory testimony is not a reason for habeas corpus relief. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

DATE: January 21, 2009

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT